Case 4:20-cv-02184   Document 17   Filed on 10/30/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERALDINE MASON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.: 4:20-cv-02184 |
| § | |
| AMAZON.COM SERVICES, LLC, ET AL., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss (ECF 3) and Plaintiffs' Motion to Remand (ECF 9).[1] Having considered the parties' filings and the law, the Court recommends that the Motion to Remand be **GRANTED** and the Motion to Dismiss be **DENIED** without prejudice for lack of jurisdiction.

### I.      Background

Plaintiff Geraldine Mason filed an Original Petition in state court on May 27, 2020 asserting claims for negligence against Defendants Amazon.com Services LLC and Raymond Muctaru Mansaray. ECF 1-3. Mason alleges that she was injured while loading her van with packages at Amazon's facility and that Mansaray interfered with her ability to do so, causing her injuries. Mason alleges she is a citizen of Texas, as is Mansaray.

---

[1] The District Court has referred this case to this Magistrate Judge for pre-trial management. ECF 10.

1

Amazon represents that it is Delaware corporation with its principal place of business in Washington. ECF 1 at 2.

## II.     Legal Standards

Federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking this Court's removal jurisdiction bears the burden of establishing that federal jurisdiction exists and removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Defendants removed this case alleging diversity jurisdiction. ECF 1 at 2.

Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). If a plaintiff has sued a non-diverse defendant, removal is proper only if the removing party can show that the plaintiff improperly joined the non-diverse defendant for the purpose of defeating jurisdiction. Improper joinder can be established by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to state a claim against the non-diverse party in state court. *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017); *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219–20 (5th Cir. 2018) (on a motion to remand the burden of persuasion is on the party claiming improper joinder.).

> To establish improper joinder under the second prong, the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or non-diverse defendant, 'which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant.'

*Alviar*, 854 F.3d at 289 (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).  Where there is any uncertainty as to whether plaintiff can recover on a state law claim against a non-diverse defendant, the Court must "tip the scales in favor of remand." *Cola v. Dow Chem. Co.*, No. 3:19-CV-00199, 2019 WL 5558247, at *5 (S.D. Tex. Oct. 1, 2019), *report and recommendation adopted*, No. 3:19-CV-00199, 2019 WL 5558065 *5 (S.D. Tex. Oct. 28, 2019).

### III. Analysis

There is no dispute about the timeliness of removal nor is there any allegation of fraud in Plaintiff's pleading. The issue is solely whether Defendants can meet their burden to show that Mansaray was improperly joined.

Plaintiff alleges in her Original Petition that Mansaray, individually, interfered with Plaintiff's ability to load her van, causing her injuries.  ECF1-3 at 1.  She further alleges that Amazon and Mansaray, collectively, were negligent, negligent *per se,* and grossly negligent for the following reasons:

> a. failure to properly train their employees and contractors;
> b. failure to provide proper safety equipment;
> C. failure to provide adequate medical treatment;
> d. failure to provide a safe work place;
> e. failure to implement policies to ensure the provision of a safe work place;
> f. failure to properly train employees so as to ensure the provision of a safe work place;
> g. failure to properly inspect and maintain the equipment in question;
> h. failure to warn about unreasonably dangerous conditions at the work site;
> i. failure to make unreasonably dangerous conditions at the worksite safe;
> failure to enforce policies regarding lifting of heavy items;
> k. vicariously liable for the conduct of its employees and/or agents;
> 1. violation of applicable, local, state, and federal laws and/or regulations;

and
   m. other acts deemed negligent, negligent *per se,* and/or grossly negligent.

ECF 1-3 at 5-6.

Under Texas law, an employee may be liable to a plaintiff in a premises liability case when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *See Hopkins v. Family Dollar Stores of Texas, L.L.C.*, No. 2:19-CV-243, 2019 WL 5293488, at *2 (S.D. Tex. Oct. 18, 2019); *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). In *Hopkins*, the plaintiff in a slip-and-fall case joined the store manager but did not allege that the store manager had any personal involvement in the incident that caused plaintiff's injury. Thus, the court found the defendant met its burden to show improper joiner and denied remand. However, under Texas law an employee may be independently liable for his negligence where he "was personally involved in the conduct that allegedly contributed to [plaintiff's] injury." *Lopez-Monroy v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00051, 2019 WL 3302615, at *4 (S.D. Tex. July 23, 2019), *report and recommendation adopted*, No. 3:19-CV-00051, 2019 WL 3753702 (S.D. Tex. Aug. 8, 2019) (citing cases). Lopez-Monroy alleged that a Wal-Mart employee, Maciocha, parked an unattended forklift in front of the entrance to the gardening center where she tripped over it and injured herself. *Id.* at *1. The Court granted Lopez-Monroy's motion to remand because "it certainly appears plausible that Lopez-Monroy could recover against Maciocha under Texas law if, in fact, Maciocha created a dangerous condition and then did nothing to remedy the situation." *Id.* Here, Plaintiff expressly alleges that Mansaray personally interfered with

4

her ability to load her van. This is an allegation of negligence separate and apart from the negligence of his employer, Amazon. It is plausible that Plaintiff could recover against Mansaray if in fact he "created a dangerous condition and then did nothing to remedy the situation," or otherwise personally caused Plaintiff's injury. Because Defendants have not met their heavy burden to show improper joinder, plaintiff's Motion to Remand should be granted.

### IV. Conclusion and Recommendation

For the reasons stated above the Court RECOMMENDS that Plaintiff's Motion to Remand be GRANTED. Because the Court recommends that this case be remanded to state court for lack of diversity jurisdiction, it does not address Mansaray's Rule 12(b)(6) Motion to Dismiss and RECOMMENDS it be denied without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 30, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge